UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THOMAS FEASTER,

                         Plaintiff,                    **COMPLAINT**

        -against-                                  Docket No. _____

CITY OF NEW YORK and Police Officer John Doe
(John Doe is a fictitious name because the actual name of this
individual is not yet known),

                        Defendants.
------------------------------------------------------------------------X

## INTRODUCTION

1. This is an action to recover money damages and punitive damages, including damages for personal injuries, pain and suffering, mental anguish, shame and humiliation Plaintiff Thomas Feaster suffered as a result of the willful, wanton, malicious, reckless, careless and negligent conduct of Defendants City of New York and Police Officer John Doe, its servant and/or employee, in violation of plaintiff's constitutional and civil rights under the Fourth and Fourteenth Amendments of the United States Constitution and USCA §§ 1983, et seq., and the City of New York's failure to supervise John Doe under the laws of the State of New York.

2. Upon information and belief, plaintiff alleges the following:

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 42 U.S.C. 1981 and 28 U.S.C. §§ 1343 and 1367.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 (b), because a substantial part of the events or omissions giving rise to plaintiff's claims occurred in the Southern District of New York.

1

## THE PARTIES

**Plaintiff**

5.  Plaintiff Thomas Feaster is a resident of the County, City and State of New York.

**Defendants**

6.  Defendant City of New York (the "City") was and still is a municipal corporation duly authorized and existing under and by virtue of the laws of the State of New York.

7.  At all relevant times herein, Defendant maintained a police force entitled the New York City Police Department (the "NYPD").

8.  Upon information and belief, and at all relevant times herein, Defendant City and the NYPD employed Defendant Police Officer John Doe ("John Doe"), whose identity is not yet known to plaintiff.

## NOTICE OF CLAIM

9.  On June 5, 2017, prior to the commencement of this action, and within the time prescribed by New York State law, a sworn Notice of Claim, stating, among other things, the time and place where plaintiff suffered damages, together with plaintiff's demand for adjustment thereof, was duly served upon the City. Thereafter, the City has refused or neglected for more than thirty days, and up to the commencement of this action, to make any adjustment or payment thereof. Thereafter, plaintiff commenced this action within the time provided by New York State law.

10. On April 10, 2018, the City conducted a statutory hearing pursuant to section 50-h of the General Municipal Law of the State of New York at the office of an attorney for the City.

11. Plaintiff has complied with all conditions precedent under the laws of the State of New York to bring this action, including the filing of a notice of claim. Plaintiff has commenced

this action within one year and ninety days after accrual of this cause of action, or within the time allowed by law.

## FACTUAL BACKGROUND

12. On March 7, 2017, at approximately 3:23 a.m., plaintiff was standing on the sidewalk near Second Avenue and 89th Street in New York County.

13. At that time, John Doe approached plaintiff, prevented plaintiff's movement and slammed his body into plaintiff's body.

14. When John Doe slammed his body against plaintiff, plaintiff felt the outline of an object in the waist area of John Doe.

15. The object felt like the outline of a gun to plaintiff.

16. As John Doe slammed his body against plaintiff's body, John Doe uttered to plaintiff, "you're a cocksucker and I kill cocksuckers."

17. John Doe then pushed plaintiff, causing plaintiff to fall to the ground and injury his shoulder and finger.

18. Plaintiff ran and called 911 for police assistance.

19. Uniformed police officers arrived and spoke with plaintiff and John Doe, separately.

20. The uniformed police officers later told plaintiff that John Doe was a NYPD Police Officer.

21. The uniformed police officers escorted plaintiff to the 19th Precinct where detectives assigned to the NYPD Internal Affairs Bureau (the "IAB") interviewed plaintiff at length.

22. The uniformed officers and the IAB detectives refused to reveal John Doe's name to plaintiff.

23. On two occasions after the incident, plaintiff called the 19th Precinct to ask for a copy of an incident or complaint report concerning the incident.

24. On each occasion plaintiff called the 19th Precinct, members of the NYPD assigned to the 19th Precinct told him that no incident or complaint report existed concerning his encounter with John Doe.

COUNT ONE
(42 U.S.C. §1983, et. seq.)

25. Plaintiff repeats, reiterates and realleges each allegation set forth above in paragraphs 1 through 24, inclusive, with the same force and effect as if more fully set forth herein.

26. Acting in violation of 42 U.S.C. §1983, et. seq., plaintiff alleges that defendants deprived him of his constitutional and civil rights secured under the Fourth Amendment of the United States Constitution, including plaintiffs' right to be free from unreasonable seizure and detention.

27. The aforesaid acts of defendants caused each plaintiff to sustain damages, including physical pain and suffering, mental anguish, shame, humiliation and punishment, all of which could have been avoided by the exercise of due and reasonable care on the part of defendants.

28. By reason of the foregoing, plaintiff sustained damages for past and future pain and suffering and mental anguish, shame, humiliation and future damages.

29. Pursuant to 42 U.S.C. §1988(b), plaintiff is entitled to a reasonable allowance for attorney's fees as part of his costs.

## COUNT TWO
(42 U.S.C. §1983, et. seq.)

30.     Plaintiff repeats, reiterates and realleges each allegation contained in paragraphs 1 through 29, inclusive, with the same force and effect as if more fully set forth herein.

31.     Acting in violation of 42 U.S.C. §1983, et. seq., defendants deprived plaintiff of his constitutional and civil rights secured under the Fourth and Fourteenth Amendments of the United States Constitution, including plaintiff's right to be free from excessive force.

32.     The aforesaid acts of defendants caused plaintiff to sustain damages, including physical pain and suffering, mental anguish, shame, humiliation and punishment, all of which could have been avoided by the exercise of due and reasonable care on the part of defendants.

33.     By reason of the foregoing, plaintiff sustained damages for past and future pain and suffering and mental anguish, and past and future special damages.

34.     Pursuant to 42 U.S.C. §1988(b), plaintiff is entitled to a reasonable allowance for attorney's fees as part of his costs.

## COUNT THREE
(False Imprisonment)

35.     Plaintiff repeats, reiterates and realleges each allegation contained in paragraphs 1 through 34, inclusive, with the same force and effect as if more fully set forth herein.

36.     Defendants falsely detained plaintiff without plaintiff's consent or privilege to do so.

37.     The aforesaid acts of defendants caused plaintiff to consciously sustain mental anguish, shame, humiliation, punishment and other damages, all of which could have been avoided by the exercise of due and reasonable care on the part of defendants.

38.     By reason of the foregoing, plaintiff sustained damages for past and future pain and suffering and mental anguish, and past and future special damages.

## COUNT FOUR
(Negligent Supervision)

39.     Plaintiff repeats, reiterates and realleges each allegation contained in paragraphs 1 through 38, inclusive, with the same force and effect as if more fully set forth herein.

40.     The City was negligent in hiring, training and supervising John Doe who was careless, negligent and unskillful, and who did not possess the requisite knowledge, skill, character and competence to discharge his duties as a member of the NYPD.

41.     By reason of the aforesaid negligent and careless conduct, plaintiff sustained damages, including physical pain and suffering, mental anguish, shame, humiliation and punishment and other damages, all of which could have been avoided by the exercise of due and reasonable care on the part of defendant.

42.     By reason of the foregoing, plaintiff sustained damages for past and future pain and suffering and mental anguish, and past and future special damages.

WHEREFORE, Plaintiff Thomas Feaster demands judgment against Defendants City of New York and Police Officer John Doe, as more fully set forth above, in the First, Second, Third and Fourth Causes of Action, in such an amount of compensatory damages as a jury may award, and the for the costs of this action.

## **JURY DEMAND**

Plaintiff Thomas Feaster hereby demands a trial by jury of all issues set forth above.

Dated: White Plains, New York
June 5, 2018

                                ALEGRIA & ASSOCIATES, PLLC

By:    /s/ Anselmo A. Alegria
        Anselmo A. Alegria, Esq.
        Attorneys for Plaintiff
        235 Main Street, Suite 318
        White Plains, NY 10601
        Office: (914) 761-1133
        aaa@alegriabarovicklaw.com